D. C. GAMBLE ET AL., Defendants in Error, v. CHARLES GIBSON, EXECUTOR, Plaintiff in Error.

St. Louis Court of Appeals, November 24, 1885.

1. APPELLATE PRACTICE.—An appellate court, having reversed a judgment and remanded the cause with special directions to the trial court to enter a certain judgment, may, on writ of error, examine the question whether the mandate has been obeyed, but will not review its former judgment.

2. TRIAL PRACTICE—NUNC PRO TUNC AMENDMENTS.—The trial court can not, by an entry, *nunc pro tunc*, amend a judgment entered by it in obedience to the mandate of an appellate court.

ERROR to the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

CHARLES GIBSON, *pro se;* E. B. ADAMS and C. E. GIBSON, for the plaintiffs in error.

ALEX. MARTIN and J. W. DRYDEN, for the defendants in error.

ROMBAUER, J., delivered the opinion of the court.

When an appellate court, upon review of the record before it in any cause, renders a judgment of its own, and issues its mandate to the lower court to enter the

judgment thus rendered, as the judgment of the lower court, the question whether the lower court did enter its judgment in conformity with such mandate, may be examined by the appellate court upon writ of error. The record in such a cause presents a different feature from the one presented by the record in another, wherein the appellate court simply affirms a judgment already rendered. To this extent the propositions advanced by the plaintiff in error are correct.

But we can not uphold the further claim advanced, that the appellate court may upon such writ of error, examine, not only the question whether the trial court entered its judgment in conformity with the mandate, but also whether its own opinion, and the mandate issued in conformity therewith, were erroneous. So to hold, would be deciding that parties may, in this round-about manner, obtain a re-hearing of points finally decided, contrary to all precedent, and in defiance of positive rules of the appellate court.

In the case now before us, this court at its March term, 1881, filed an opinion and entered a judgment reversing the judgment of the circuit court, and commanding it to enter a judgment in conformity with the opinion thus filed. In the opinion thus filed the question of costs was minutely disposed of, as will appear by the report of the cause (10 Mo. App. 335), and upon full argument of counsel, as appears by the record now before us. Upon appeal to the supreme court, the judgment of this court was affirmed, the supreme court in its opinion setting out in full the judgment of this court as to costs. This court had ordered down its mandate to the trial court, commanding it to enter judgment in conformity with the opinion, and such mandate, by the action of the supreme court, became a finality. The circuit court thereupon entered its judgment in strict conformity with the mandate, which was the only thing that it could legally do.

We can reverse the action of the trial court upon writ of error, for legal errors only, and to hold that that

court was guilty of such error, in obeying the mandate of its superior, would be the height of folly.

Our attention is called to the fact, that this court, in filing its opinion, as reported in 10 Mo. App. Rep., was mistaken as to the true judgment of the trial court of June 23, 1873. That the clause in such judgment, "the defendant pay the costs," was a misprision of the clerk, and that the true judgment imposed the costs on the other party. The judgment of June 23, 1873, to which this court referred in its opinion, was the judgment of the trial court as evidenced by its record, and not its judgment as evidenced by memoranda of the judge, of which this court knew nothing, or by the intention latent in the mind of the trial judge, of which it could know nothing. The judgment of June 23, 1873, to which this court referred, distinctly imposed the costs upon the defendant. The opinion of this court in distinct terms imposed the costs upon the defendant, and it is too late now to argue that such was not the intention of the circuit court in 1873, because such was clearly the intention of this court in 1881, and the opinion filed by it then admits of no other interpretation.

The plaintiff in error, by motion, requested the trial court to amend, *nunc pro tunc*, the judgment entry of June 23, 1873, on the ground that such entry did not express the true judgment. This motion was overruled by the court, and its action in so doing is assigned for error.

The correctness of the proposition contended for by the plaintiff in error, that a judgment may be amended *nunc pro tunc*, even after the term has lapsed, is not denied. We must, however, emphatically deny the power of any trial court to amend its own judgment after the appellate court has passed upon it, and it has become the judgment of the appellate court.

A concession of such power to the trial court would virtually concede to that court the power to invalidate and set aside the judgment of its superior, at any time, by a *nunc pro tunc* entry. This is clearly untenable.

We can find no error in the action of the trial court in this cause, and its judgment is affirmed. All the judges concur.